UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

BURGER KING CORPORATION,

    Plaintiff,

vs.

CHARLES D. COBB, ROBERT T. CHIU,
CARD INVESTMENT, INCORPORATED and
DIAMOND KING RESTAURANTS, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff Burger King Corporation ("BKC") sues Defendants Charles D. Cobb ("Cobb"), Robert T. Chiu ("Chiu"), Card Investment, Incorporated ("Card") and Diamond King Restaurants, Inc. ("Diamond") (collectively "Defendants"), and states:

1. This is an action for money damages against Defendants for breaches of their written agreements with BKC arising out of their operation of 15 BURGER KING® Restaurants[1] located in California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because BKC and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### I. THE PARTIES

2. Plaintiff BKC is a Florida corporation with its principal place of business in Miami, Florida.

---

[1] Defendants operate more BURGER KING® restaurants. However, only 15 BURGER KING® restaurants are at issue in this action at present.

3. Upon information and belief, Defendant Cobb is a citizen and resident of California.

4. Upon information and belief, Defendant Chiu is a citizen and resident of California.

5. Upon information and belief, Defendant Card is a California corporation with its principal place of business in California.

6. Upon information and belief, Defendant Diamond is a California corporation with its principal place of business in California.

## II. JURISDICTION AND VENUE

7. BKC operates and franchises restaurants throughout the World. BKC's franchise operations are conducted and supervised from its World Headquarters located in Miami, Florida. BKC and Defendants have carried on a continuous course of direct communications by mail, e-mail and telephone through BKC's World Headquarters in Miami, Florida.

8. The course of dealing between BKC and its franchisees, including Defendants, shows that decision-making authority is vested in BKC's World Headquarters in Miami, Florida.

9. Defendants negotiated with BKC in Miami, Florida for the acquisition of long-term franchise agreements and other agreements with the knowledge that they would benefit from their affiliation with BKC.

10. Defendants voluntarily entered into franchise, lease and guarantee relationships with BKC, which envisioned continuing and wide-reaching contacts with BKC in Florida, including regulation of their franchised businesses from BKC's World Headquarters in Miami, Florida.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

11. Defendants have purposefully availed themselves of the benefits and protection of Florida law by entering into franchise agreements and other agreements with BKC which expressly provide that Florida law will govern any disputes among the parties.

12. Defendants have breached contracts which were to be performed in Florida due to their failure to pay amounts owed to BKC under their franchise agreements and guarantees. These breaches have caused damage to BKC in Miami, Florida.

13. This Court has jurisdiction over this action based upon 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

14. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391(a)(2) and the forum selection clauses agreed to by the parties in their written agreements.

15. Defendants have agreed in writing that this Court has jurisdiction over them in any litigation arising directly, indirectly, under or in connection with the franchise agreements, lease agreement and/or guarantees entered into between the parties.

16. Defendants have further agreed in writing that in any litigation to enforce the terms of the agreements at issue between BKC and Defendants, BKC, as the prevailing party, shall be paid by Defendants all costs, including attorneys' fees, incurred as a result.

17. BKC has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the franchise agreements and guarantees between the parties.

18. All conditions precedent to the institution of this action have been satisfied, discharged, excused and/or waived.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

## III. BKC'S WRITTEN AGREEMENTS WITH DEFENDANTS

### A. Cobb/Chiu Franchise Agreements

19.  Defendants Cobb and Chiu own and operate two restaurants as franchised BURGER KING® Restaurants (the "Cobb/Chiu Restaurants") using BKC's systems and names, including service marks and trademarks, in accordance with the terms and conditions of three separate BURGER KING® Restaurant Franchise Agreements (the "Cobb/Chiu Franchise Agreements").

20.  The Cobb/Chiu Restaurants' numbers, locations and commencement dates of the Cobb/Chiu Franchise Agreements are set forth below:

| Restaurant No. | Restaurant Location | Date of Franchise Agreement |
|---|---|---|
| BK #11489 | 20701 Amar Road Walnut, CA 91789 | 4/23/98 |
| BK #13400 | 744 North Wilmington Boulevard Wilmington, CA 90744 | 6/24/00 |

### B. Card Franchise Agreements

21.  Defendant Card owns and operates six restaurants as franchised BURGER KING® Restaurants and previously owned and operated another BURGER KING® Restaurant at issue in this action (the "Card Restaurants") using BKC's systems and names, including service marks and trademarks, in accordance with the terms and conditions of seven separate BURGER KING® Restaurant Franchise Agreements, as assigned (the "Card Franchise Agreements").

22.  The Card Restaurants' numbers, locations, commencement dates of the Card Franchise Agreements and Leases, and Assignments are set forth below:

| Restaurant No. | Restaurant Location | Date of Franchise Agreement | Date of Lease Agreement | Date of Assignment |
|---|---|---|---|---|
| BK #692 | 10134 Artesia Boulevard Bellflower, CA 90706 | 6/30/00 | | 10/9/02 |
| BK #6510 | 999 West Arrow Highway | 6/30/00 | | 10/9/02 |

4

| | | | | |
|---|---|---|---|---|
| | San Dimas, CA 91773 | | | |
| BK #6578 | 2711 Diamond Bar Boulevard<br>Diamond Bar, CA 91765 | 6/30/00 | | 10/9/02 |
| BK #6816 | 1666 Second Street<br>Norco, CA 91760 | 7/1/00 | 7/1/00 | 10/9/02 |
| BK #6931[2] | 2500 East Imperial Highway #182<br>Brea, CA 92621 | 8/15/91 | | 8/16/91 |
| BK #7985 | 527 South Grand Avenue<br>Diamond Bar, CA 91765 | 6/30/00 | | 10/9/02 |
| BK #9227 | 127 West 4th Street<br>Long Beach, CA 90802 | 9/23/95 | | 10/9/02 |

### C. Diamond Franchise Agreements

23. Defendant Diamond owns and operates six restaurants as franchised BURGER KING® Restaurants (the "Diamond Restaurants") using BKC's systems and names, including service marks and trademarks, in accordance with the terms and conditions of six separate BURGER KING® Restaurant Franchise Agreements, as assigned (the "Diamond Franchise Agreements").

24. The Diamond Restaurants' numbers, locations and commencement dates of the Diamond Franchise Agreements are set forth below:

| Restaurant No. | Restaurant Location | Date of Franchise Agreement | Date of Assignment |
|---|---|---|---|
| BK #11157 | 1188 East Yorba Linda Boulevard<br>Placentia, CA 92871 | 11/10/97 | 10/9/02 |
| BK #12254 | 400 East Anaheim Street - Suite A<br>Long Beach, CA 90813 | 1/22/09 | 1/22/09 |
| BK #13069 | 1070 North Grand Avenue<br>Covina, CA 91724 | 3/31/00 | 10/9/02 |
| BK #13558 | 5545 Orangethorpe Avenue<br>La Palma, CA 90623 | 11/3/00 | 10/9.02 |
| BK #13820 | 2580 High Point Parkway<br>Barstow, CA 92311 | 4/16/01 | 10/9/02 |
| BK #14023 | 7611 Beach Boulevard<br>Buena Park, CA 90620 | 10/4/01 | 10/9/02 |

(The Cobb/Chiu Franchise Agreements, Card Franchise Agreements and Diamond Franchise

---

[2] BK #6931 is no longer being operated as a BURGER KING® Restaurant as the Franchise Agreement for that restaurant expired.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

Agreements are collectively referred to as the "Franchise Agreements"; the Cobb/Chiu Restaurants, Card Restaurants and Diamond Restaurants are collectively referred to as the "Restaurants").

### D. Guarantees

25. Pursuant to written guarantees, Cobb and Chiu jointly, severally, unconditionally and irrevocably guaranteed to BKC the performance of each and every obligation of Diamond under the Diamond Franchise Agreements (collectively the "Diamond Guarantees").

26. Pursuant to written guarantees, Cobb and Chiu jointly, severally, unconditionally and irrevocably guaranteed to BKC the performance of each and every obligation of Card under the Card Franchise Agreements and Lease (collectively the "Card Guarantees") (the Card Guarantees and the Diamond Guarantees are collectively referred to as the "Guarantees").

### IV. RELEVANT TERMS OF FRANCHISE AGREEMENTS

**Franchise Agreements**

27. Under the terms of the Franchise Agreements, Defendants are obligated to make monthly payments to BKC for royalties, advertising and other fees. Specifically, the Franchise Agreements require Defendants to pay BKC a royalty of a certain percentage of gross sales for the preceding calendar month in return for the use of the Burger King System and the BKC Marks. Additionally, the Franchise Agreements obligate Defendants to pay BKC an amount equal to a certain percentage of Defendants' monthly gross sales for the preceding calendar month in return for advertising, sales promotion and public relations expenditures made by BKC on behalf of the entire Burger King System. The Franchise Agreements require that all such royalty and advertising payments be made to BKC in Miami, Florida. The Franchise Agreements provide that the failure to make such payments constitutes an act of default under

6

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

the Franchise Agreements.

### COUNT I - BREACH OF COBB / CHIU FRANCHISE AGREEMENTS
### (AGAINST COBB AND CHIU)

28. BKC re-alleges and incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants Cobb and Chiu have not paid when due amounts owed to BKC under the Cobb/Chiu Franchise Agreements for royalties, advertising and other amounts.

30. BKC has made demand for payment of these past due receivables.

31. The failure of Cobb and Chiu to pay BKC as obligated are breaches of the Cobb/Chiu Franchise Agreements.

32. These breaches have directly and proximately caused loss and damage to BKC.

### COUNT II - BREACH OF CARD FRANCHISE AGREEMENTS
### (AGAINST CARD)

33. BKC re-alleges and incorporates Paragraphs 1 through 27 above as if fully set forth herein.

34. Card has not paid when due amounts owed to BKC under the Card Franchise Agreements for royalties, advertising and other amounts.

35. BKC has made demand for payment of these past due receivables.

36. The failure of Card to pay BKC as obligated constitute breaches of the Card Franchise Agreements.

37. These breaches have directly and proximately caused loss and damage to BKC.

### COUNT III - BREACH OF DIAMOND FRANCHISE AGREEMENTS
### (AGAINST DIAMOND)

38. BKC re-alleges and incorporates Paragraphs 1 through 27 above as if fully set forth herein.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

39. Diamond has not paid when due amounts owed to BKC under the Diamond Franchise Agreements for royalties, advertising and other amounts.

40. BKC has made demand for payment of these past due receivables.

41. The failure of Diamond to pay BKC as obligated constitute breaches of the Diamond Franchise Agreements.

42. These breaches have directly and proximately caused loss and damage to BKC.

### COUNT IV - BREACH OF CARD GUARANTEES
### (AGAINST COBB AND CHIU)

43. BKC re-alleges and incorporates Paragraphs 1 through 27 and 33 through 37 above as if fully set forth herein.

44. Pursuant to the Card Guarantees, Cobb and Chiu jointly, severally, unconditionally and irrevocably personally guaranteed the payment and performance of each and every obligation of Card under the Card Franchise Agreements should Card fail to perform such obligations.

45. The failure of Cobb and Chiu to pay the amounts owed to BKC by Card under the Card Franchise Agreements constitute breaches of the Card Guarantees.

46. These breaches have directly and proximately caused loss and damage to BKC.

### COUNT V - BREACH OF DIAMOND GUARANTEES
### (AGAINST COBB AND CHIU)

47. BKC re-alleges and incorporates Paragraphs 1 through 27 and 38 through 42 above as if fully set forth herein.

48. Pursuant to the Diamond Guarantees, Cobb and Chiu jointly, severally, unconditionally and irrevocably personally guaranteed the payment and performance of each and every obligation of Diamond under the Diamond Franchise Agreements should Diamond fail to

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

perform such obligations.

49. The failure of Cobb and Chiu to pay the amounts owed to BKC by Diamond under the Diamond Franchise Agreements constitute breaches of the Diamond Guarantees.

50. These breaches have directly and proximately caused loss and damage to BKC.

### **DEMAND FOR ATTORNEYS' FEES AND COSTS**

The Franchise Agreements and Guarantees at issue in this litigation each provide that the prevailing party is entitled to its attorneys' fees and costs. BKC hereby demands that it be reimbursed by Defendants for all costs and expenses (including attorneys' fees) relating to prosecution of this action.

WHEREFORE, Plaintiff Burger King Corporation demands judgment against Defendants Charles D. Cobb, Robert T. Chiu, Card Investment, Incorporated and Diamond King Restaurants, Inc., jointly and severally, for damages, pre-judgment interest, costs, attorneys' fees, together with such other and further relief as this Court deems just and proper.

Dated this 19th day of September, 2012.

Respectfully submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Burger King Corporation*
Miami Tower, 44th Floor
100 Southeast Second Street
Miami, Florida 33131
Telephone:    (305) 349-2300
Facsimile:    (305) 349-2310

_____
Michael D. Joblove
Florida Bar No.: 354147
mjoblove@gjb-law.com
Nina Greene
Florida Bar No.: 72079
ngreene@gjb-law.com

2000-644/#1v.3

9

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310